

ORDERED in the Southern District of Florida on September 10, 2015.

Paul G. Hyman, Jr.
Chief United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Yovanys Alberto Cheda        Case No: 15-21212-PGH
                                     Chapter 13
_____Debtor_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY Bank of America, N.A.

THIS CASE came to be heard on  September 4, 2015 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE  14  ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property (the "Real Property") located at   650 S. Ridge Street, Lake Worth, FL 33460, and more particularly described as

Lot 19, of Lakeview Heights as recoded in Plat Book 8, Page 44, et seq., of the Public Records of Palm Beach County, Florida.

LF-92 (rev. 01/08/10)                Παγε 1 οφ 3

is $ __75,000.00__ at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of __Bank of America, N.A. (Loan No: xxxx7399)__ (the "Lender") is $ __76,737.00__.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ __0__ and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ __0__.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on __August 17, 2006__ (date) at OR BOOK __20747__ Page __1050__ of the official records of __Palm Beach__ County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

    __X__ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely

        filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ___ Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted by:
**ROBERT SANCHEZ, P.A.**
Attorney for Debtor

Attorney  Robert Sanchez  is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.